UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHERI MARCHELLO,

    Plaintiff,

v.

XCEL ENERGY, INC., et al.,

    Defendants.
_____/

Case No. 2:20-cv-243

Hon. Hala Y. Jarbou

## **OPINION**

In her amended complaint, Plaintiff Cheri Marchello brings two claims against Defendant Northern States Power Company-Wisconsin for sex discrimination (Count I) and sex-based hostile work environment (Count II) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as well as two similar state law claims (Counts III and IV) under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101, et seq. Plaintiff is a current employee of Defendant. Before the Court is Defendant's motion for summary judgment. (ECF No. 19.) For the reasons stated below, the motion will be granted.

### **I. BACKGROUND**

Plaintiff is a Senior Operations Coordinator at Defendant's facility in Ironwood, Michigan. Defendant is an electric and natural gas utility company. Plaintiff has been an employee of Defendant since 2004. Plaintiff alleges that she began to experience sexual harassment after she was promoted to Supervisor 1, Field Operations, in 2010. At that time, a rumor of an affair between Plaintiff and a coworker named Murray Smerer began circulating in her workplace. The rumor led to comments and jokes made in Plaintiff's presence about Plaintiff or Smerer performing sexual favors under the other's desk. Plaintiff reported these comments to her manager, Richard Sobtzak. Sometime between 2011-2014, a second rumor of an affair between Plaintiff and another

male coworker, Tom Schmidtke, began circulating.  Plaintiff reported this rumor to Sobtzak and the human resources department at that time.  In January of 2020, another rumor of an affair between Plaintiff and another coworker, Tim Blodgett, began circulating.  Plaintiff was informed of this rumor by Sobtzak who said that this rumor had been reported to HR.  The human resources department conducted a review and investigation of this rumor.  The investigators believed the rumors arose from an ongoing dispute between Plaintiff and another coworker, Arthur Soborowicz, as the two had filed workplace reports on the other over the years.  However, the investigation concluded that Soborowicz did not start the rumor, though his direct supervisor engaged him in a discussion about the inappropriateness of gossip in the workplace.

In discussing the Blodgett rumor with two female employees in another office, Plaintiff learned of a fourth rumor of an affair with Scott Derrickson, which circulated in 2007.  Plaintiff also describes other instances of harassment.  Soborowicz once blocked her path, and shouted at her within inches of her face that she was not his boss. He also stared or glared at her in an intimidating manner.  Plaintiff further alleges that Soborowicz and others would use degrading words such as "bitch" or "slut" to describe her, which she learned of through others.  Plaintiff reported to Sobtzak the times when she heard that she had been called a "bitch."

As a result of this conduct, Plaintiff claims she developed tension headaches and depression and started seeking treatment with a therapist in 2018.  In October of 2020, Plaintiff applied for a Designer position in a different office.  She received an offer for the position but declined the offer in December 2020 because of the lower pay and distance from her home.  Around that time, a Gas Manager position opened, which would have been a promotion from Plaintiff's current position.  Plaintiff did not apply for the Gas Manager position.

## II. STANDARD

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co*., 391 U.S. 253, 288-89 (1961)). "Courts consider the evidence in light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 679 (6th Cir. 2013).

## III. ANALYSIS

Title VII prohibits employers from (1) "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin," or (2) "depriv[ing] any individual of employment opportunities . . . because of such individual's race, color, religion, sex or national origin." *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 827 (6th Cir. 2019) (citing 42 U.S.C. § 2000e-2(a)(1)). "Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases." *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (citing *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 766 (E.D. Mich. 1998)); *see also Wasek v. Arrow Energy Servs. Inc.*, 682 F.3d 463, 468 (6th Cir. 2012) ("The ELCRA hostile work environment analysis is identical to Title VII's analysis.").

### A. Statute of Limitations

A claim under Title VII must be filed with the Equal Employment Opportunity Commission (EEOC) "within 180 days of the occurrence of the alleged unlawful employment practice" or within 300 days in "deferral jurisdictions" that have "State or local law prohibiting

3

the unlawful employment practice alleged" or "a State or local agency with authority to grant or seek relief from such practice." *Logan*, 939 F.3d at 827 (quoting 42 U.S.C. § 2000e-5(e)). Michigan is a deferral jurisdiction, and therefore the statute of limitations is 300 days. *Id.* (citing 29 C.F.R. § 1601.13). A plaintiff "can only file a charge to cover discrete acts that 'occurred' within the appropriate time period" and "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Jones v. Johnson*, 707 F. App'x 321, 328 (6th Cir. 2017) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002)). Sex discrimination such as failure to promote constitutes a discrete discriminatory act. *Morgan*, 536 U.S. at 114. On the other hand, a "charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* at 122.

Plaintiff filed her charge with the EEOC on March 24, 2020. (*See* Charge of Discrimination, ECF No. 19-11, PageID.401.) Therefore, any claims based on a discrete discriminatory act occurring before May 29, 2019 are barred, and at least one act relating to the hostile work environment claim must have arisen after May 29, 2019. Defendant argues that Plaintiff's claims are all time-barred. However, Plaintiff's allegations relating to a "failure to promote" occurred within the statutory period. Plaintiff applied for the Designer position in October of 2020 and declined the position on December 8, 2020, and the Gas Manager position opened around the end of 2019 or early 2020. (Marchello Dep., ECF No. 19-3, PageID.177, 187.) As to Plaintiff's hostile work environment claim, which is based in part on the rumors that circulated about Plaintiff's affairs with several coworkers, Plaintiff received a phone call in January 2020 from her then supervisor, Richard Sobtzak, who informed her that a rumor had been reported regarding an affair between Plaintiff and Blodgett. This occurrence within the statutory

4

period draws in all other acts and rumors which constitute the hostile work environment claim that are outside the statutory period. Therefore, Plaintiff's claims are timely.

### B. Sex Discrimination or Failure to Promote

Plaintiff's sex discrimination claim argues that sexual harassment "prevented [her] from advancing in the company or applying to the gas manager position that became available." (Compl., PageID.20.) "[A] plaintiff with a discrimination claim based on a failure to promote must demonstrate that (1) she is a member of a protected class; (2) she applied for and was qualified for a promotion; (3) she was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the job at the time plaintiff's request for the promotion was denied." *Jones*, 707 F. App'x at 327 (citing *Hicks v. SSP Am., Inc.*, 490 F. App'x 781, 783 (6th Cir. 2012)). The standard for sex discrimination, other than for failure to promote, requires that the Plaintiff show that "(1) [s]he was a member of a protected class, (2) [s]he suffered an adverse employment action, (3) [s]he was otherwise qualified for the position, and (4) [s]he was replaced by someone outside the protected class or treated differently than a similarly situated, non-protected employee." *Mallory v. Caterpillar Fin. Servs. Corp.*, 256 F. Supp. 3d 770, 778 (M.D. Tenn. 2017) (citing *Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014)). Plaintiff has failed to demonstrate a prima facie case under these standards.

Plaintiff has not satisfied the second, third, or fourth prongs for failure to promote. She did not apply for the gas manager position, stating, "I didn't even put my hat in the running." (Marchello Dep., PageID.177.) Further, the individual who received the job was another woman. (*Id.*) Plaintiff also has not shown that she suffered an adverse employment action. Plaintiff argues that the Designer position was located farther from Plaintiff's home, in a different state, and at a lower rate of pay, and therefore "highlights the disfavor demonstrated towards Plaintiff by

5

[Defendant]." (Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 20, PageID.412.) However, this was a position that Plaintiff voluntarily applied for and subsequently refused. Plaintiff has not shown that Defendant disfavored Plaintiff by offering her a position that she applied for.

### C. Hostile Work Environment

Sexual harassment in the workplace constitutes discrimination in violation of Title VII and ELCRA "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 564 (6th Cir. 2021) (citing *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 78 (1998)). To establish a prima facie hostile work environment claim, Plaintiff must show that "(1) she was a member of a protected class; (2) she was subjected to unwelcomed harassment; (3) the harassment was based on sex[]; (4) the harassment created a hostile work environment; and (5) employer liability." *Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 411 (6th Cir. 2021) (quoting *Ladd v. Grand Trunk W. R.R.*, 552 F.3d 495, 500 (6th Cir. 2009)).

Defendant argues that Plaintiff cannot show that the alleged circumstances rose to the level of actionable harassment and were, rather, instances of merely offensive remarks. Whether conduct is severe or pervasive enough to constitute a hostile or abusive environment has both a subjective and objective component. *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 707. "The employee must show that 'the environment is objectively hostile and the harassment subjectively severe and pervasive.'" *Kendel v. Local 17A United Food & Com. Workers*, 748 F. Supp. 2d 732, 739 (N.D. Ohio 2010) (quoting *Williams v. Gen. Motors Corp.*, 187 F.3d 553, 566 (6th Cir. 1999)). Courts are required to examine, "under the totality of circumstances, the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

6

offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clay*, 501 F.3d at 707 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)) (internal quotation marks omitted). "[W]hile psychological harm, like any other relevant factor, may be taken into account, no single factor is required." *Harris*, 510 U.S. at 23.

Defendant points to *Black v. Zaring Homes, Inc.*, 104 F.3d 822 (6th Cir. 1997) to show that sexually suggestive comments and vulgar remarks occurring in the workplace are generally not sufficient to create an objectively hostile work environment because Title VII was not designed to purge the workplace of all vulgarity. *Id.* at 826. The court considered the fact that the comments were not directed towards the plaintiff, and in the "totality of the circumstances," the "evidence [wa]s insufficient to support a finding that they were severe or pervasive enough to create an objectively hostile work environment."[1] *Id.* Likewise, Defendant also points to *Swanson v. Livingston County*, 270 F. Supp. 2d 887 (E.D. Mich. 2003), where the court found that rumors circulating about the plaintiff being promiscuous and other offensive remarks were not more than "merely offensive." The court reasoned that the comments were not directed at her per se as they were in the form of hearsay or gossip,[2] that the rumor that she had a relationship with one of her coworkers was not unsubstantiated as she admitted that she dated him in her deposition, and that there were no threats or physical touching. *Id.* at 894-95.

It is Plaintiff's burden to establish a prima facie showing of a hostile work environment. In response to Defendant's argument that the circumstances that Plaintiff faced were not sufficiently pervasive to create a hostile work environment, Plaintiff presented the examples listed

---

[1] The court clarified that "comments need not be directed at a plaintiff in order to constitute conduct violating Title VII." *Black*, 104 F.3d at 826.

[2] The court did not hold that hearsay or gossip could not create a hostile work environment and recognized that "in unusual circumstances, a failure to quell rumors may be a factor to be considered in determining whether a hostile work environment exists." *Swanson*, 270 F. Supp. 2d at 894 n.9.

above; that over a period of more than ten years, rumors circulated that she had affairs with four different men, that she had heard that her coworkers would call her derogatory names behind her back, and that Soborowicz blocked her path in one instance, would shout at her, and would glare at her in an intimidating manner. Courts have found comparable patterns of harassment insufficient to survive summary judgment. *See Nathan*, 992 F.3d at 568 (concluding that evidence of only five instances of sex-based harassment over a roughly fifteen-month period was not severe or pervasive); *Clay*, 501 F.3d at 708 (deciding that fifteen incidents of mostly "offensive utterances" over a two-year period were not severe or pervasive); *cf. Williams*, 187 F.3d at 563 (finding harassment to be severe or pervasive when there were more than a dozen incidents, many of which involved sexually aggressive behavior and physical pranks, over a period of one year). In comparison, Plaintiff's incidents were mainly "offensive utterances" spread over a ten-year period. The evidence that Plaintiff provides in her response, in the totality of the circumstances, is not sufficient for a reasonable jury to find that the environment was objectively hostile.

Plaintiff points to an exhibit where "she created a large list of what she has been through." (Pl.'s Resp., PageID.413.) The exhibit is an unsworn statement supplied to the EEOC as an initial inquiry for the charge that she later filed. This statement does not include much more than what has already been stated, though it hints at other conduct that Plaintiff may have experienced. However, this Court "cannot be expected to dig through the record to find the seeds of a party's cause of action." *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490 (6th Cir. 2017). If there is evidence of other incidents, it was Plaintiff's job to cite that evidence. The Court "ha[s] no obligation to do plaintiff's work for her." *Id.* In short, Plaintiff has not carried her burden of establishing discrimination or a pervasive hostile work environment.

## IV. CONCLUSION

For the reasons stated, the Court will grant the Defendant's motion for summary judgment.

An order and judgment will enter consistent with this opinion.

Dated: March 11, 2022  /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE